EBENEZER EATON KITTRIDGE *v.* JEAN DUGAS.

Decision in *Kittridge* v. *Landry, ante*, p. 72, confirmed.

APPEAL from the District Court of Assumption, *Nicholls*, J.

GARLAND, J. The petition represents that Madame Charles Honoré Breaud was, on the 1st of June, 1836, the owner of a tract

of land of four *arpens* front on the bayou Lafourche, by forty in depth, on which day she entered and paid for the back lands, or double concession under the acts of Congress of June 15th, 1832, and February 24th, 1835, which authorized the. inhabitants of Louisiana, to make such entries. A few days after this purchase or entry, Madame Breaud sold the lower half of this double concession to Raphael and Guillaume Mollere, who transferred it to the plaintiff, who took possession of the same.

The petitioner also represents, that he is owner and possessor of another tract of land containing one hundred superficial *arpens*, bounded above by the first described tract of land, and below by other lands belonging to him, and in front by land belonging to Eugene Landry. That he purchased said land from P. D. Blanchard, who acquired it by a mesne conveyance from the United States ; and that he, and those under whom he claims, have been in peaceable possession since said purchase.

It is further represented, that the defendant has at different times, unlawfully entered upon and trespassed on the land, and committed waste by cutting down and destroying large quantities of timber, for which the land is principally valuable, in consequence whereof, and of other unlawful acts, damage to the amount of $15,000 has been sustained. The prayer is, that the defendant be compelled to desist from his waste and trespasses, and be ordered to pay the damages claimed.

To this petition the defendant answered, that he is the owner of a tract of land on the said bayou, having five *arpens* and twenty-six *toises* front, with a depth of eighty *arpens*, which he acquired from Charles Maurin. That this tract of land consists of two tracts, one fronting on the bayou, and the other being the double concession. The back tract was purchased from the United States by Charles Maurin under the act of Congress of May 11th, 1820, authorizing the purchase of the back lands, which purchase or entry was surveyed and located by Grinage, a Deputy Surveyor. It is further stated that double concessions above and below this tract of land have been entered, surveyed, and approved by the Principal Deputy Surveyor of the land district, and that the lines all coincide. It is also stated, that a portion of the land held under Madame Charles Honoré Breaud, had been previously pur-

chased of the United States by Celestin Mollere, and was laid off and designated in April, 1825, by Grinage, which survey was approved by the Principal Deputy Surveyor for the Land District.

It is further answered, that by a notarial act passed in April, 1833, the respondent, André Le Blanc, Raphael Mollere, and others, being at that time the owners of various tracts of land adjoining each other, and having the lines running in the same direction, agreed that they would consider and maintain the surveys and lines made, and boundaries established by Auguste Bonnet, as good and valid so far as related to them or their assignees. In conformity with which agreement and boundaries, the respondent says that he has held possession more than ten years ; and he pleads prescription.

The answer then sets up a claim in reconvention, for various trespasses and waste committed on the premises by the plaintiff ; claims $2,000 damages ; and concludes with a prayer that the plaintiff be forever prohibited from committing any other waste or trespasses on the land.

On the trial, it was admitted that each party was the legal owner of the front tract of land, and " that each is the legal owner of the double concession such as was acquired by the respective purchasers from the general government, as stated in the pleadings."  Both parties, as it appears from the testimony, have exercised various acts of possession, and continue to do so.  The defendant had cut down a number of cypress trees.  One witness says that he counted forty-six stumps of trees, which defendant said he had cut.  The plaintiff had cut twenty cypress trees, which it is proved are worth from eight to fifteen dollars each.  It is further established that the defendant, and a number of his neighbors, in conformity with the surveys of Bonnet have been in possession for at least fifteen years, which they agreed to confirm so far as concerned themselves, by their written agreement in April, 1833.

The difficulty in the case was caused originally, by the surveyors, Grinage and Bonnet, giving to the lines of the double concessions, a direction different from those of the front tracts.  In this case the lines of the front tract run south 69° 45′ east, and those of the double concession north 87° 50′ west.  The

surveys of the double concessions, were made previous to the general survey of that section of the country by the officers of the United States. The latter disregarded the surveys of Grinage and Bonnet, and ran out the lines of the double concessions on the same courses as those of the front tracts. These last surveys are also approved by the proper officers.

This action, although in its inception one of trespass, involves questions of title and boundary; and the questions which arise are very similar to those decided in the case of the same plaintiff against Eugene Landry, *ante*, p. 72, with the exception that the location of Maurin's back lands, as made by Grinage, was never approved nor authorized by the Principal Deputy Surveyor of the district, or the Surveyor General of the United States, so that there was no obstacle in the way of a proper survey of the land purchased at the time it was last made.

The defendant in this case also insists on the contract passed before Materre, a notary public, in April, 1833, between himself, Le Blanc, and others, upon which we have commented in the case just decided. The remarks made are as applicable to this case as to that. The plaintiff is, therefore, not bound by it, as it was not registered. Another objection to the contract, so far as it relates to this case, is, that by maintaining the the lines as run by Auguste Bonnet, they would make the claim of the defendant cover land in the rear of another front tract, which back land then belonged to the United States, and would thereby deprive the owner of such front tract of the privilege of purchasing the back land, to which he was entitled.

On the plea of prescription we will not at this time express an opinion.

The judgment of the District Court is therefore reversed, the verdict of the jury set aside, and the case remanded for a new trial, with directions to the judge on the trial thereof to conform to the principles herein contained, and to those settled in the case of *Kittridge* v. *Eugene Landry* decided this day, so far as they are applicable to this case; and otherwise to proceed according to law; the costs of this appeal to be paid by the defendant and appellee.